

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

YVETTE BIVENS,

          Plaintiff,

-against-

DORA SCHRIOR, in her individual and official
capacity as Commissioner of the New York City
Department of Correction; JACQUELIN
McQUEEN, in her individual and official capacity
as Investigator of the New York City Department
of Investigation for the New York City Department
of Correction; NEW YORK CITY DEPARTMENT
OF INVESTIGATION for the New York City
Department of Correction; NEW YORK CITY
DEPARTMENT OF CORRECTION,

          Defendants.

------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**
12-CV-2915 (CBA)(LB)

AMON, Chief Judge:

On June 7, 2012, plaintiff, a former employee of the New York City Department of Correction ("DOC"), filed this *pro se* action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that she was unlawfully terminated from her job at DOC "resulting in an unconstitutional deprivation of [her] property rights in her employment." (Compl. at 2.) She further alleges that she was terminated on the basis of her race, and that the defendants conspired to violate her constitutional rights. She seeks damages and unspecified injunctive or declaratory relief. (Compl. at 8.) Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the complaint is dismissed with leave to replead within 30 days.

## BACKGROUND

The following facts appear in the complaint. Plaintiff was employed as a correction officer with DOC for ten years, until she was terminated on September 13, 2010. The basis for

1

the termination was an accusation that she had filed false reports of her income to the state housing authority for the years 2003 through 2008. These allegations were filed with DOC and the DOC Department of Investigation by plaintiff's abusive boyfriend, after plaintiff terminated their fifteen-year relationship. Plaintiff was subsequently indicted under Queens County docket number 2009-048705 on an unspecified charge relating to the false income reports, to which plaintiff pleaded guilty because she was told that "the charges against her were ironclad." (Compl. ¶ 19.)

Plaintiff claims that during their relationship, her abusive boyfriend would instruct her how to complete her financial income affidavits and "refus[ed] to give her time necessary to review her financial information to see if it was correct." (Compl. ¶ 15.) She also claims that, in fact, she only improperly reported her income for one of the charged years, 2007. (Compl. ¶ 22.) As to the other years, plaintiff appears to argue that her incorrect reporting should not have mattered, because "as it turned out," her true income never in fact exceeded the limitation for living in her housing tenement. (Id.) Thus, she alleges, she was wrongly terminated from her position with DOC because never in fact had a "dirty mind" in filing the false reports. (Compl. ¶ 25.) She alleges that the termination was based on race and resulted in an unconstitutional deprivation of her property right in her employment.

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v.

2

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotations and citations omitted)

## DISCUSSION

### A. Section 1983 Claim

In order to maintain a claim under 42 U.S.C. §1983: (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma v. Turtle, 471 U.S. 808, 816 (1985)). The complaint fails to state a claim under 42 U.S.C. § 1983 for the following reasons.

#### 1. Improper Defendants

Plaintiff cannot bring an action against DOC or the Department of Investigation for DOC.

3

An agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of NY, 478 F.3d 76, 93 n. 19 (2d Cir. 2007); Brewton v. City of New York, 550 F.Supp.2d 355, 368 (E.D.N.Y.2008).

Even if the Court were to construe the complaint as bringing claims against the City of New York, those claims would fail. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, plaintiff does not allege, and nothing in her complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom.

Accordingly, the claims against DOC and its Department of Investigation are dismissed, and there does not appear to be any basis for construing a claim against the City of New York.

### 2. Due Process Claim

Plaintiff alleges that the defendants "unconstitutionally depriv[ed] Plaintiff of her property rights in her employment." As currently stated in the complaint, even if plaintiff was wrongfully

4

terminated, the loss of her employment does not constitute deprivation of a property interest that is sufficient to sustain a due process claim.

In order for plaintiff to state a claim under the Due Process Clause for the loss of public employment, she must show that she had a property right in her job—that is, "a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without cause." S & D Maintenance Co. v. Goldin, 844 F.2d 962, 967 (2d Cir. 1988); see Horvath v. Westport Library Ass'n, 362 F.3d 147, 151 (2d Cir. 2004).

In New York, employment is presumed to be at will, and thus "'terminable at any time by either party.'" Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 85 (2d Cir. 2001) (quoting Sabetay v. Sterling Drug, Inc., 69 N.Y.2d 329, 514 N.Y.S.2d 209, 506 N.E.2d 919, 920 (1987)). Moreover, public employees that are exempt from protection under New York's civil service law are typically deemed at-will employees, Carfora v. City of New York, 705 F.Supp. 1007, 1009 (S.D.N.Y.1989) (citing Voorhis v. Warwick Valley Cent. Sch. Dist., 92 A.D.2d 571, 459 N.Y.S.2d 325 (1983)), unless they can show that some other, more specific provision of the law protects their employment, see de Zarate v. Thompson, 213 A.D.2d 713, 624 N.Y.S.2d 281 (1995). It is well-settled that there is no property right to the continuation of at-will employment. See, e.g., Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002); Natalizio v. City of Middletown, 301 A.D.2d 507, 754 N.Y.S.2d 24, 25 (2003).

In the present case, plaintiff does not state that she is protected under the New York civil service law and appears to have been an at-will employee of DOC. She has thus failed to demonstrate a property right to her continued employment. Should she, however, possess facts

5

indicating that she was other than an at-will employee, she should file an amended complaint setting forth such facts and any supporting documentation.

### 3. Race Discrimination in Employment

Construing her complaint liberally, plaintiff also appears to claim that the defendants terminated her and discriminated against her because of her race, in violation of the Equal Protection Clause of the Fourteenth Amendment. (See Compl. at ¶ 3.) To the extent that plaintiff seeks to raise an employment discrimination claim against the defendants on the basis of race, she is granted an opportunity to amend her complaint.

Employment discrimination claims brought under § 1983 are analyzed according to the same standards used to evaluate Title VII claims. See Sorlucco v. N.Y. City Police Dep't, 888 F.2d 4, 7 (2d Cir.1989); Jessamy v. City of New Rochelle, New York, 292 F.Supp.2d 498, 511 n. 15 (S.D.N.Y.2003). This analysis requires the plaintiff to first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). However, Title VII and § 1983 diverge in that a Title VII claim can be based upon *respondeat superior* liability, whereas a § 1983 claim cannot. See Gierlinger v. New York State Police, 15 F.3d 32, 33 (2d Cir.1994) ("a Title VII sex discrimination claim ... carries *respondeat superior* liability, and a 42 U.S.C. § 1983 damage claim ... does not impose *respondeat* liability").

Here, viewing the facts in the light most favorable to plaintiff, she does not satisfy her *de minimis* burden of proof at the *prima facie* stage. While she states that she is African-American and that she was terminated (satisfying parts one and three), the facts she has pled suggest that she was not qualified for her position (she admits that she filed false financial documents and was

6

criminally convicted), and do not give rise to any inference of discrimination. While she speculates that the defendants discriminated against her on the basis of race because "there exist[s] no other explanation" for their actions (Compl. ¶ 29), she states clearly that she was terminated because of the allegation that she criminally falsified her income information to the state of New York. She presents no facts demonstrating racial animus, and there is no indication that she was treated differently from any similarly situated employee. See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2d Cir. 1997).

Thus, plaintiff's complaint in its current form fails to state a claim upon which relief may be granted for employment discrimination under § 1983. However, plaintiff is afforded an opportunity to amend her complaint to state such a claim.

### B. 42 U.S.C. § 1985 Claim

Plaintiff also seeks to bring a claim under 42 U.S.C. §1985 alleging the existence of a conspiracy among defendants to terminate her on the basis of race. To state a claim for conspiracy under § 1985, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790 (2d Cir. 2007). In addition, the plaintiff must show that the alleged conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir.1999) (internal quotation marks omitted). Mere conclusory allegations that a conspiracy took place, without any factual basis evidencing a "meeting of the minds" between the defendants, will warrant dismissal

of a § 1985 claim. Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003).

Here, plaintiff has failed to make any allegations showing the existence of a conspiracy among the defendants to deprive her of her constitutional rights. Id.; Ashcroft v. Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. Accordingly, the § 1985 claims are dismissed.

## LEAVE TO AMEND

Despite the fact that the complaint currently fails to state a claim on which relief may be granted, in light of plaintiff's *pro se* status, she is afforded thirty days to amend her complaint in order to set forth a claim against proper defendant(s) under section 1983. For example, if plaintiff was not an at-will employee of DOC and can allege facts to support her conclusion that she had a property interest in her employment, she may amend her complaint to state a claim against the state actor who allegedly violated her due process rights. And, if she is able, she may set forth an employment discrimination claim under section 1983 on the basis of race, as set forth above.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, plaintiff shall be afforded thirty days leave to file an amended complaint setting forth any claim she may have that has not been foreclosed by this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be

granted and judgment will enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
July 10, 2012